ZELLA VANCE LISTON *v.* T. CLARKE MILLER

(No. 7475)

Submitted February 28, 1933. Decided March 28, 1933.

(Rehearing Denied, June 3, 1933)

*Lazzelle & Lazzelle* and *Chauncey M. Price,* for plaintiff in error.

*Ezra E. Hamstead* and *Terence D. Stewart,* for defendant in error.

KENNA, JUDGE:

This is an action in trespass on the case in which Zella Vance Liston was plaintiff and T. Clarke Miller was defendant. The automobile accident from which the injury complained of resulted took place on the 26th day of September, 1930, in the City of Morgantown. The case was fully tried before a jury and resulted in a verdict for the defendant, which the trial court set aside, and the defendant below is plaintiff in error.

There were but two witnesses who testified concerning the accident. It occurred at about 10:15 P. M. and during a heavy rain. The plaintiff, a woman 55 years old, residing in 195 Grant Avenue, Morgantown, testified that she alighted from the Star City Bus at Second Street, Sunnyside, and University Avenue. She stepped back to the curb on her right, watched the bus out of sight, watched another large car coming down Second Street until it also was out of sight, "cautioned" herself, held her umbrella up high, looked both ways, saw no lights and, still holding her umbrella up high, started across Second Street. When she got about three-fourths of the way across, or a little more, a car was almost on her. She screamed, jumped back and tried to get away from it but the front bumper caught her, swung her around and twisted her, she went into the street, and it dragged her, she thinks, thirty feet from the end of the car and traveled, she supposes, twelve feet before it stopped after striking her. She got up off the street, went back to the car, asked the driver why he did not stop, why he hit her, and he didn't answer. She asked why he was driving without lights on his car and he did not answer. She went around to the side of the car and asked why he didn't blow his horn, and he said he didn't have to. She asked him his name and he handed her a card stating: "You need not be worried, you will be taken care of." She testified that she was severely hurt in the right arm and shoulder and in her hips; that her injuries caused her to be unable to sleep; that she was hurt in both knees, her shoulders, side and hips; that her foot was hurting her badly; that there was a lump on her forehead and her eye was all black. She was strained on her left side but did not mind that so much as the right side that hurt her so badly; that it was

the front bumper that came in contact with her; that the car was traveling 35 miles an hour when it struck her.

The defendant, on the other hand, testified that he was driving his Dodge coupe on the evening in question, with its headlights burning, and that as he came to the corner of Second Street and University Avenue, which was well lighted by street lights and by lights of the Mayfair Restaurant, he first saw Mrs. Liston about a foot or foot and a half directly to the left side beside his car; that she was walking with her umbrella down over her face, and that as soon as he saw she was in danger of running into his car from the side, he slapped on his four-wheel hydraulic brakes and stopped within a foot or two; that Mrs. Liston, as she came into the side of his car near the left back fender, thrust out her right hand toward his car just as he was going to stop; that she had the umbrella in her left hand and he thinks a pocketbook or small package in her right; that the umbrella covered her from his view except from the chest down and he did not see her face; that he immediately jumped out, went back and talked with Mrs. Liston, who was on her feet, and was assured by her that she was not hurt; that his car was traveling slowly, he having stopped on account of another car that pulled directly in front of him at the intersection; that he was in neutral gear.

The evidence is admittedly in conflict, and, except for the question of controlling physical facts, was a proper case for jury determination.

The defendant below contends that the court should have granted his peremptory instruction. This contention is based on the argument that the evidence of the plaintiff below was and is in diametric conflict with controlling physical facts. It is contended that the injury to plaintiff's right leg being at a height of something like $21\frac{1}{2}$ inches from the ground could not have been inflicted by the front bumper of the defendant's automobile which was only some $17\frac{1}{2}$ inches from the ground at the top. Also it is said that since the defendant's automobile prior to the rain had been covered with dust turned into a light mud by the rain, and that the automobile did not disclose any signs of impact except at or near the left rear fender, where this light mud was smeared, that this, too, is a physical fact in favor of the defendant that cannot be

overcome by the plaintiff's proof. It is also contended that since plaintiff testified that she was dragged some thirty feet, and testified also that defendant's car traveled but twelve feet after hitting her, that there is a material and irreconcilable discrepancy in her own testimony. We do not consider that any one of these circumstances, nor the combined circumstances, meets the test of controlling physical facts. Their weight and effect were for the jury. They are not sufficient to control the verdict, as a matter of law.

The plaintiff below, defendant here, urges that the trial court was justified in setting aside the verdict against her because of erroneous instructions given at the instance of the defendant. She stresses particularly defendant's instructions Nos. 8, 9 and 16.

Inasmuch as we are reviewing the action of the trial court in setting aside a verdict for the defendant, and inasmuch as it nowhere appears what particular rulings the trial court had in mind as constituting the error, we must scrutinize the entire case, giving effect to the views of Judge Poffenbarger as expressed in the opinion in *Levine Brothers* v. *Mantell*, 90 W. Va. 166, 173, 111 S. E. 501, and to the holding conforming thereto in point 5 of the syllabus of the same case, to the effect' that where error is found in a case in which the trial court has set aside the verdict, the question of that error's harmlessness will not be considered in the appellate court, unless it can be seen that the verdict was plainly and clearly right.

The case before us, in so far as the cause of action itself is concerned (there not having been a verdict for the plaintiff, we are not concerned with the medical testimony nor with the testimony as to the extent of her injuries, pain and suffering, etc.), is based upon the testimony of only two witnesses, one for the plaintiff and one for the defendant. If others saw the accident, they were not produced by either side. The issue of fact is a comparatively simple one hinging upon alleged negligence on either side and the effect of such negligence, where any may have existed. The trial court gave four instructions at the request of the plaintiff and fifteen instructions at the request of defendant. While the trial judge was requested by the defendant to state in writing his reasons for setting aside the verdict in favor of the defendant, he de-

clined to do so. However, plaintiff below argues that the action of the trial court is predicated upon erroneous instructions. She points out especially instructions Nos. 8, 9 and 16 given at the instance of the defendant. None of the defendant's instructions referred to the evidence in the case, and all are thereby merely abstract statements of the law. Instruction No. 8 reads as follows: ''The Court instructs the jury that before the plaintiff can recover anything in this case the jury must believe from the evidence and circumstances proven in the case that plaintiff herself was entirely free from fault and that she in no way or manner contributed to the cause of the injury complained of in her declaration.'' This instruction states two things that the jury must believe concerning the conduct of the plaintiff before a verdict in her favor could be returned. First, that she was entirely free from fault, and, second, that she in no way or manner contributed to the cause of the injury. From this instruction, the jury could very well have been confused as to. the standard of care required of the plaintiff. The law does not require her to be ''entirely free from fault''. She may be guilty of negligence to a degree that does not proximately contribute to the injury and still recover. In addition, the instruction is to be condemned for its abstractness under the rule laid down in *Mercer Funeral Home* v. *Addison Brothers,* 111 W. Va. 616, 618, 163 S. E. 439.

Defendant's instruction No. 9 reads as follows: ''The Court instructs the jury that even though you believe from the evidence and circumstances proven in this case that the defendant is more at fault than the plaintiff and that the defendant's negligence contributed more to the accident than the negligence of the plaintiff contributed to the accident, still you are further instructed that you would not be justified in finding a verdict in favor of the plaintiff, because under the law the plaintiff cannot recover if she was guilty of any negligence which in anyway proximately caused or contributed to the accident resulting in her said injury.'' Looked at with strict logic, this instruction assumes that the plaintiff was at fault to some degree. Reading the instruction down to the word ''because'', we find an erroneous statement of the law of contributory negligence. What follows after the word ''because'',

in strictness is intended to justify what has already been said. What follows purports to be a re-statement of what has gone before. This is not so. A good general statement of the law of contributory negligence follows the word "because". As has already been said, that part of the instruction preceding the word "because" is a bad statement of the same law. This instruction therefore is calculated to confuse the jury.

The giving of defendant's instruction No. 16, we think, could not possibly have been prejudicial.

It is strongly urged that for the defects in the instructions already discussed, we should look to the other instructions of the case under the well known rule that other instructions can be referred to for the purpose of clarification and supplement. But a bad instruction is not cured by the giving of a good one. *State* v. *Garner*, 97 W. Va. 222, 226, 124 S. E. 681; *State* v. *Ringer*, 84 W. Va. 546, 100 S. E. 413.

We are of opinion that under the circumstances of this case and particularly in view of the giving of defendant's instructions Nos. 8 and 9, both of which are confusing and misleading, we cannot hold that the trial court was in error in setting aside the verdict of the jury in favor of the defendant below.

The judgment of the trial court, therefore, in setting aside the verdict and awarding the plaintiff a new trial, is affirmed.

*Affirmed.*