BERT PRITCHARD

*v.*

CITY LINES OF WEST VIRGINIA, INC., *a Corporation*

(No. 10356)

Submitted September 12, 1951. Decided November 6, 1951.

*Oscar J. Andre, Kingsley R. Smith,* and *Steptoe & Johnson,* for plaintiff in error.

*Alfred R. Putnam* and *Tusca Morris,* for defendant in error.

GIVEN, JUDGE:

The plaintiff, Bert Pritchard, upon a verdict of a jury, obtained a judgment in the Circuit Court of Marion County for $8,500.00 damages for personal injuries alleged to have been caused by the negligence of the City Lines

of West Virginia, Inc., a corporation, and a common carrier. The injuries occurred about midnight of February 9, 1948, in Fairmont, at a point near where Barry Street intersects the Country Club Road. According to the evidence of plaintiff, Pritchard and his wife approached a bus of the defendant parked in Worthington, about eight miles south of Fairmont, inquired of the driver in charge of the bus whether that particular bus went to the "Terminal" in Fairmont and, being advised that it did, paid to the driver a fare entitling plaintiff to transportation to that point. Instead of transporting plaintiff to that point, however, the driver parked the bus at the southerly curb of Country Club Road, near the Barry Street intersection, and advised plaintiff that he would have to transfer to another bus, for the reason that he, the driver, had an appointment and was going to take the bus to the garage instead of to the terminal in Fairmont. The driver instructed plaintiff and the other passengers to remain seated until the bus to which they would be transferred arrived. Upon the approach of the Barry Street bus, about five or six minutes later, the driver of the bus upon which plaintiff had arrived opened the bus door, directed plaintiff and his wife to board the Barry Street bus, and advised plaintiff and his wife that he, the driver, would make necessary arrangements with the Barry Street bus driver, so that no additional fare would be charged.

In order to board the Barry Street bus it was necessary for plaintiff to cross the Country Club Road to the north side thereof. The Country Club Road, at the point of the accident, is approximately twenty-four feet wide, and the paved portion thereof is approximately twenty-two and one-half feet wide. From a point approximately one hundred and sixty feet west of the place where the accident occurred the road is straight, but considerably down grade. It is certain, however, that the rays of burning headlights of an automobile approaching the point of the accident from the west could have been seen farther than one hundred and sixty feet from that point. The weather was clear but cold at the time of the accident, and the

paving on the Country Club Road was practically dry. Headlights of both buses were burning and the motor of the bus upon which plaintiff had arrived was running.

Upon being advised by the driver that the bus to which he would be transferred was approaching, plaintiff got off the bus, went around the front end thereof, looked both east and west for aproaching traffic, then started to cross the Country Club Road to the place where he intended to board the Barry Street bus. About the time plaintiff reached the left front corner of the bus upon which he had arrived, the driver discovered, through his rear view mirror, an automobile approaching from the west on the Country Club Road, opened a window at his left, thrust his head out of the window, and shouted a warning to the plaintiff and his wife. The warning was not heard by the plaintiff, though heard by his wife in time for her to avoid serious injury. Plaintiff was struck by the approaching automobile, a jeep driven by one Hupp, and was seriously injured. Hupp was in no way connected with the defendant, and the defendant had no interest in or control over the jeep. The only explanation attempted by plaintiff as to why he did not see the jeep approaching was: "I couldn't see, because the reflection on my glasses seemed to blind me. I had more or less to feel as I went across, the lights was swung in my eyes; you can't see; the glamor; you seem blinded; you are trying to see, but you can't see; you are trying to get across the street; the next thing I was feeling, but I couldn't see; I had got off there before and knowed there was a hole — * * * Just west of where Barry Street and Country Club Road comes together on the West side." Plaintiff testified to the effect that his eyesight and his hearing were normal at the time.

Evidence of defendant is in sharp conflict with that of plaintiff as to certain material facts but, since the verdict was for the plaintiff, we have attempted to state the controlling facts most favorably to him.

Questions briefed for the Court relate to whether plaintiff was a passenger of the defendant at the time of the

accident; whether any negligence on the part of defendant was established *prima facie* by the evidence, or by any presumption arising from the passenger-carrier relationship; whether the plaintiff was guilty of contributory negligence; and whether the injury complained of was the result of an independent or intervening agency. Questions relating to the action of the trial court in giving certain instructions of plaintiff, and in refusing to give certain instructions of defendant, are also briefed.

The conclusion reached by the Court as to negligence on the part of the defendant, and as to contributory negligence on the part of plaintiff, makes it unnecessary to discuss any other questions. In considering these questions we assume, but do not decide, that the plaintiff was a passenger of the defendant at the exact time of the injuries. The duty of a common carrier to prevent injury to a passenger is not absolute. It is not an insurer against injury to a passenger in all circumstances. While a carrier owes a passenger the highest degree of care to prevent his injury, it is not liable for damages resulting to a passenger from his own negligence. "A carrier is not liable to a passenger for injury to which the latter has proximately contributed by failure to exercise reasonable or ordinary care." Point 1, syllabus, *Peters* v. *Transport Co.*, 109 W. Va. 417, 155 S. E. 178. See *Yoder* v. *Transit Co.*, 119 W. Va. 61, 192 S. E. 349; *Slaven* v. *Railroad Co.*, 114 W. Va. 315, 171 S. E. 818; *Nutter* v. *Railway Co.*, 113 W. Va. 94, 166 S. E. 815; *Lowry* v. *Railroad Co.*, 74 W. Va. 791, 82 S. E. 1101; *Farley* v. *Railway Co.*, 67 W. Va. 350, 67 S. E. 1116, 27 L. R. A. (N.S.) 1111; *Hoylman* v. *Railway Co.*, 65 W. Va. 264, 64 S. E. 536, 22 L. R. A. (N.S.) 741, 17 Ann. Cas. 1149; *Downey* v. *Railway Co.*, 28 W. Va. 732. In *Trippett* v. *Public Service Co.*, 100 W. Va. 319, 130 S. E. 483, the question of contributory negligence of a child of eight years of age, a passenger of the defendant carrier, was held to be one for the jury. In Point 5 of the syllabus the Court held: "The high degree of care imposed upon a carrier of passengers is more strictly applicable to some affirmative act or omission of duty toward the passenger than to the control

of his person or conduct after he has been received and accepted as a passenger."

It is contended that defendant was negligent in inducing and directing plaintiff to go across the Country Club Road to board the Barry Street bus; in not guarding plaintiff while he was attempting to cross the Country Club Road; in producing a dangerous situation by parking the bus on the Country Club Road at the foot of a steep grade, in the nighttime; in failing to warn plaintiff of the "dangerous traffic in crossing the Country Club Road"; in parking the bus for five or six minutes on the Country Club Road, and requesting and permitting the plaintiff to remain therein; and in failing to give prompt warning of the approaching jeep. We see no negligence on the part of defendant as to any such acts. The driver of the bus on which plaintiff was a passenger parked the bus at the curb on the right of the vehicle, thereby providing a safe place for the passengers to alight, and no injury resulted to anyone therefrom. We can not believe that it was the duty of the driver, in the circumstances of this case, to leave the bus for the purpose of escorting or assisting the plaintiff across the Country Club Road. Such action would not be compatible with the practicable operation of the bus. *Venable* v. *Taxi Line,* 105 W. Va. 156, 141 S. E. 622. The evidence shows that the driver did give warning of the approaching jeep which struck plaintiff in time for the wife of plaintiff to avoid injury to herself, though plaintiff did not hear or, having heard, did not heed, the warning. Nothing appears to indicate that the bus driver failed to give the warning as soon as possible after discovering the approaching jeep.

It is also contended that negligence on the part of the defendant is presumed from the fact that injury occurred while plaintiff was a passenger of defendant. We think it unnecessary to determine here whether any such presumption arises from the facts of this case, for, assuming that such presumption arises, it has been clearly rebutted by the indisputable evidence and circumstances detailed above. Moreover, the evidence clearly discloses that the

injury to plaintiff was the proximate result of his own negligence.

After having been safely delivered upon the sidewalk, plaintiff was no longer under the immediate control or direction of the defendant. He was at liberty to make his own choice as to time, manner and direction, in crossing the Country Club Road. He could not proceed without the exercise of "reasonable or ordinary care" and, when injured, recover damages from the defendant for injuries resulting from his own wrong. *Peters* v. *Transport Co., supra.* Plaintiff, an adult in possession of his faculties, knew, or at least is charged with knowledge, that vehicular traffic constantly used the Country Club Road, a Federal highway, extending through a busy city. Plaintiff had previously transferred from one bus to another at the point of the accident and had traveled regularly by bus over the Country Club Road between Worthington and Fairmont for some time. The lights of the two buses were burning, thus affording ample light for the crossing.

Plaintiff complains that he was blinded by the lights of the Barry Street bus, but he would not have been using due care for his own safety in attempting to cross the Country Club Road when blinded. Plaintiff says that when he reached the outer edge of the bus on which he was a passenger, before attempting to cross the road he looked both east and west for approaching traffic; that he kept looking in both directions as he proceeded to cross; and that he saw no car or lights, and heard no warning of any car approaching. The evidence is not disputed that the Country Club Road is practically straight for a distance of at least one hundred and sixty feet west of the point of the accident, and that the rays of burning headlights of an automobile approaching that point from the west could have been seen for a considerably greater distance from that point. After alighting on the curb and walking to the opposite side of the bus, there was nothing which could have prevented plaintiff from seeing the lights of the approaching jeep, which could not have traveled a greater distance than its lights could have been

seen, while plaintiff was traveling the eight to twelve feet across the road, in the manner testified to by him. He can not be heard to say that he did not see the lights of the approaching jeep, when he should have seen them. He could not close his eyes to known dangers even if directed to do so. "One is not bound to assume the risk of a known danger because he is directed to do so by another; he must think and act for himself, and if he relies upon another's judgment and does an act, contrary to his own sense of prudence, he is negligent." Point 2, syllabus, *Farley* v. *Railway Co., supra.* See *Slaven* v. *Railroad Co., supra; Peters* v. *Transport Co., supra.* "The carrier is exonerated when the proximate and moving cause of the injury was the act of the injured passenger himself; since the rule is general that no one can charge another in damages for negligently injuring him where he himself failed to exercise due and reasonable care in the premises." Point 3, syllabus, *Fisher* v. *W. Va. & P. R. Co.,* 42 W. Va. 183, 24 S. E. 570, 33 L. R. A. 69. "The doctrine of contributory negligence applies as between passenger and common carrier." 13 C. J. S., Carriers, Section 774.

The judgment of the trial court is reversed, the verdict of the jury is set aside, and the defendant is awarded a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*