CLARA WALKER

V.

ELLEN R. ROBERTSON

(No. 10751)

Submitted January 17, 1956.    Decided March 6, 1956.

GIVEN, JUDGE, dissenting.

*Palmer & Elkins, J. Campbell Palmer, III,* for plaintiff in error.

*Pauley & Andrews, E. Franklin Pauley, Larry W. Andrews,* for defendant in error.

LOVINS, JUDGE:

This action of trespass on the case brought by Clara Walker against Ellen R. Robertson and W. S. Robertson in the Common Pleas Court of Kanawha County, West Virginia, resulted in a verdict and judgment in favor of the plaintiff and against the defendant in the sum of $3600.00, W. S. Robertson, the other defendant having been dismissed by the trial court. The plaintiff and the remaining defendant will be hereinafter so designated.

The object of the action was to recover damages allegedly resulting when the plaintiff was struck by an automobile operated by the defendant on the 27th day of July, 1953, which occurred on Capitol Street between Quarrier and Lee Streets, Charleston, West Virginia.

On the day of the accident, the defendant, in going to the business area of Charleston to meet her husband, drove her automobile in a westerly direction on Quarrier Street to the intersection with Capitol Street, thence in a northerly direction on Capitol Street. At the point of the accident, Capitol Street is a one way street, vehicles moving on such street in a northerly direction. That portion of such street used for vehicular traffic consists of three slabs of concrete, each of which is approximately 10 feet in width, and appropriate markings show three lanes of traffic.

Plaintiff who resides in a rural district, in company with her daughter, her daughter-in-law and her infant grandchild, came to Charleston in an automobile. They parked such automobile and made their way to a store on the west side of Capitol Street. Being unable to obtain the merchandise they desired at such store, they started to the east side of the street to another store,

crossing at a point which is not a street intersection and where there was no marked pedestrian cross-walk. The plaintiff crossed the west and middle lanes of traffic and was entering on the east lane of traffic where she was struck by the automobile operated by the defendant.

The plaintiff, her daughter and daughter-in-law testified that she was struck by the left front fender of defendant's automobile. The defendant, on the contrary, testified that the plaintiff ran into the left rear fender. The plaintiff's right limb was fractured near the knee joint.

The plaintiff testified that she looked for approaching automobiles and did not see any before she entered the vehicular portion of the street, although the street at the point of the accident is straight. The defendant testified that she was driving fifteen or twenty miles an hour near the middle of the street, was keeping a lookout, that she turned to the right "the least little bit" to "get to the curbstone" and did not see the plaintiff until the accident occurred.

Some of plaintiff's witnesses testified that there was a red traffic light suspended by wire at or near the center line of Capitol Street just south of the point of accident. Defendant testified that no such light was located at the point indicated by plaintiff's witnesses, but had been removed prior to the accident and lights on posts at or near the street corners had been substituted. The testimony of the defendant in this particular was corroborated by an electrician who had installed the lights on the posts.

After the accident, the plaintiff was assisted by two bystanders and thereafter taken to a hospital in defendant's automobile, accompanied by defendant's husband and the plaintiff's relatives.

At the hospital a physician was summoned who made an examination and applied a cast to the injured limb. Plaintiff was then permitted to go home where she re-

mained in bed for approximately five weeks. The testimony of the plaintiff, her daughter and daughter-in-law tends to show that she was unable to perform farm chores or do any housework for approximately eight weeks after the accident. Plaintiff testified that she still suffers pain and disability from the injury.

The attending surgeon indicated that there had been a good recovery from the injury, that when he last saw plaintiff on or about the 22nd day of September, 1953, she was still suffering some discomfort. The testimony of the surgeon is not positive as to the permanency of the injury, though the testimony of plaintiff and her witnesses indicates that she still suffers pain and is disabled as a result of the injury.

At the conclusion of plaintiff's evidence the defendant moved for a directed verdict in her favor and when all of the evidence was introduced, she likewise offered a peremptory instruction and a motion for a directed verdict. The motion for a directed verdict in each instance was overruled and the peremptory instruction refused.

The defendant applied for, and obtained, a writ of error to the Circuit Court of Kanawha County. On a hearing of such writ, the judgment of the trial court was affirmed.

Defendant contends that the Circuit Court and Common Pleas Court of Kanawha County erred in the following: (1) The Circuit Court erred in affirming the judgment of the trial court. The trial court erred (1) in failing to consider testimony of plaintiff's witnesses as to the location of the red traffic light as an evidence of contributory negligence; (2) in admitting the testimony of plaintiff's witnesses as to the speed of defendant's automobile; (3) in refusing to declare a mistrial; (4) in overruling the challenge to the array of the jury; (5) in finding the defendant negligent; (6) in failing to find that the plaintiff was contributorily negligent as a matter of law; (7) in giving plaintiff's instruction number

2; (8) in refusing to give defendant's instruction number 2 as offered and amending the same; and, (9) in refusing defendant's instruction number 3.

The alleged error of the Circuit Court of Kanawha County in affirming the judgment of the Common Pleas Court will be considered and discussed under the assigned errors of the trial court.

The testimony of the witnesses relative to the existence of a red traffic light suspended by wire at or near the center of Capitol Street, even if false, only went to the credibility of plaintiff's witnesses and since the jury has passed on that question, we are not called upon to appraise or discuss the same. It suffices to say that the jury gave credit to other testimony offered by the plaintiff.

The objection to testimony of plaintiff's witnesses as to the speed of defendant's automobile is devoid of merit. An examination of the record shows that the plaintiff's witnesses did not testify as to the rate of speed of defendant's automobile, but did testify that it was going at a fast rate of speed. We think that any witness is qualified to say that a vehicle is moving fast or slow without specifying the rate of speed.

Defendant's assignment of error relative to the refusal of the court to direct a mistrial is grounded on evidence of plaintiff who stated that she had hospital insurance and the admonition of plaintiff's counsel impliedly warning against the introduction of the question of insurance. The record discloses no evidence which shows or tends to show that the defendant was protected by insurance. Such assignment of error by the defendant lacks merit.

After the return of the verdict, and as a ground for setting it aside, the defendant challenged the array of the jury on the ground that women had been intentionally and systematically excluded from the jury, contending that she was deprived of her lawful rights by such exclusion.

The Constitution of West Virginia, Article III, Sections 10, 13 and 14 relates to trials by jury. The common law, unless changed or modified by statute, is in force in this state. Constitution, Article VIII, §21. At common law, a jury consisted of twelve men. *Lovings* v. *N. & W. Railway Co.*, 47 W. Va. 582, 584 *et seq.*, 35 S. E. 962. Code, 52-1-1 provides in substance that all male persons twenty-one years of age and not over sixty-five who are citizens of this state, shall be liable to serve as jurors.

We are cited to the cases of *Strauder* v. *West Virginia*, 100 U. S. 303, 25 Law Ed. 664; *Norris* v. *Alabama*, 294 U. S. 587, 55 S. Ct. Rep. 579, 79 Law Ed. 1074; and *Hernandez* v. *Texas*, 347 U. S. 475, 74 S. Ct. Rep. 667, 98 Law Ed. 886. In these three cases the systematic and intentional exclusion of persons from juries was grounded on the race of the excluded persons and the persons complaining were members of the race so excluded.

In the case of *Commonwealth* v. *Welosky* (Mass.) 177 N. E. 657, it was held that the exclusion of women from juries did not deprive the defendant of his constitutional right to a judgment of his peers. A similar holding was made in the case of *State* v. *James* (N. J.) 114 Atl. 553. It is true the *Welosky* and *James* cases involved criminal prosecutions. But by a parity reasoning those holdings can be applied to a trial of civil matters such as the instant case. See an article relative to the exclusion of women from a jury panel. 32 Columbia Law Review, page 134.

We have found no authority which supports the contention that the exclusion of women from the jury on a challenge to the array vitiates the verdict.

If meritorious, the challenge to the array should have been made before the jury was sworn. "No irregularity in any writ of *venire facias,* or in the drawing, summoning, or impaneling of jurors, shall be sufficent to set aside a verdict, unless objection specifically pointing

out such irregularity was made before the swearing of the jury, or unless the party making the objection was injured by the irregularity." Code, 56-6-16.

This Court applied the statute in the case of *State* v. *Price*, 96 W. Va. 498, 123 S. E. 283, the fifth point of the syllabus, which reads as follows: "A challenge to the array because of irregularity in the *venire facias* or in the drawing, summoning or impaneling of the jurors will not be sufficient to set aside a verdict unless the challenge was made before the swearing of the jury, or the party was injured by the irregularity." See *Garrett* v. *Patton*, 81 W. Va. 771, 95 S. E. 437, where the question related to the challenge of a single juror. Even if there were merit in the contention of defendant, it was not timely made in accordance with the statute above quoted, nor is there any showing of prejudice or harm to the defendant resulting from the exclusion of women from the jury. We conclude, in accordance with the foregoing, that the challenge to the array of the jury was not effective and even if it had been, it was not timely made. Therefore, the trial court committed no error in refusing to set aside the verdict on that ground.

Negligence is the failure of a reasonably prudent person to exercise due care in his conduct toward others from which injury may occur. *Washington* v. *B. & O. Railway Co.*, 17 W. Va. 190. See *Nuzum* v. *Railway Co.*, 30 W. Va. 228, 236, 4 S. E. 242; *Sebrell* v. *Barrows*, 36 W. Va. 212, 215, 14 S. E. 996; *Williams* v. *Coal & Coke Co.*, 55 W. Va. 84, 91, 46 S. E. 802; *Robbins* v. *Railroad Co.*, 62 W. Va. 535, 538, 59 S. E. 512; *Bice* v. *Wheeling Electrical Co.*, 62 W. Va. 685, 694, 59 S. E. 626; 1 Shearman and Redfield on Negligence, Revised Edition, §1; Black's Law Dictionary, Fourth Edition, page 1184. Contributory negligence occurs where the complaining party acts or omits to act, with negligence, or without ordinary care, and which, with defendant's negligence is the proximate cause of an injury. Black's Law Dictionary, Fourth Edition, Page 1185.

Concurrent negligence "Arises where the injury is approximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently." Black's Law Dictionary, Fourth Edition, Page 1185.

In discussions of concurrent negligence, this Court has applied the doctrine of concurrent negligence to two or more persons occupying the position of defendants. *Sigmon* v. *Mundy*, 125 W. Va. 591, 25 S. E. 2d 636; *Wilson* v. *Edwards*, 138 W. Va. 613, 77 S. E. 2d 164, 173; *Hartley* v. *Crede*, 140 W. Va. 133, 82 S. E. 2d 672, 679. In 1 Shearman and Redfield on Negligence, Revised Edition, page 104, the author discusses concurrent negligence under the heading "Concurring Causes." If the negligence of the plaintiff contributes proximately to his injury and concurs with negligence on the part of the defendant, it is properly designated as contributory negligence rather than concurring negligence.

In determining whether the defendant was guilty of actionable negligence, the facts established in this record disclose that the defendant was traveling in her automobile at or near the center of Capitol Street, and at the time of the accident, turned her automobile toward the easterly curb. Defendant says she did not see the plaintiff. It was daylight at the time of the accident, and so far as can be determined from the record, there was nothing to obstruct the view of defendant. Why she failed to see the plaintiff who was approximately two-thirds across the vehicular portion of the street is unexplained. In similar situations, this Court has held that the motorist is negligent. *Bower* v. *Brannon*, 141 W. Va. 435, 90 S. E. 2d 342, 347. See *Higgs* v. *Watkins*, 138 W. Va. 844, 78 S. E. 2d 230; *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d 410; *Jacobson* v. *Hamilton*, 120 W. Va. 491, 199 S. E. 593; *Cline* v. *Christie*, 117 W. Va. 192, 184 S. E. 854; *Walker* v. *Bedwinek*, 114 W. Va. 100, 170 S. E. 908; *Robertson* v. *Hobson*, 114 W. Va. 236, 171 S. E. 745; *Liston* v. *Miller*, 113 W. Va. 730, 169 S. E. 398; *Shumaker* v. *Thomas*, 108 W. Va. 204, 151 S. E. 178;

*Attelli* v. *Laird,* 106 W. Va. 717, 146 S. E. 882; *Beane* v. *Keyser,* 103 W. Va. 248, 137 S. E. 898; *Chaney* v. *Moore,* 101 W. Va. 621, 134 S. E. 204. Relative to the duty of a motorist to anticipate the presence of others, see 5 Am. Jur., Automobiles, §168. Such rule is particularly applicable on a much travelled public street.

Evaluating the conduct of defendant according to the rule adopted by this Court and stated in decided cases, we think it was a question for the jury to decide whether the defendant was negligent, and having so decided, we are not disposed to disturb that finding.

It is contended by the defendant that it was contributory negligence as a matter of law for the plaintiff to cross Capitol Street at a place other than a marked pedestrian cross-walk or a street intersection. The violation of an ordinance is *prima facie* negligence, but in order to bar recovery, it must be shown that such violation was the natural and proximate cause of injury. In the instant case it was a question within the province of the jury whether such action on the part of the plaintiff caused the injury. *Meyn* v. *Auto Co.,* 118 W. Va. 545, 191 S. E. 558. See *Skaff* v. *Dodd,* 130 W. Va. 540, 44 S. E. 2d 621. The ordinance here invoked by the defendant does not relieve her of the responsibility of keeping a lookout, though the plaintiff did cross at a place other than at a pedestrian cross-walk or street intersection. *Skaff* v. *Dodd, supra.*

The plaintiff testified she looked and did not see the approaching automobile of the defendant. Having looked, she was not required to keep looking. *Barr* v. *Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Walker* v. *Bedwinek,* 114 W. Va. 100, 170 S. E. 908; *Ritter* v. *Hicks,* 102 W. Va. 541, 135 S. E. 601; *Deputy* v. *Kimmell,* 73 W. Va. 595, 80 S. E. 919. We conclude that the question of plaintiff's alleged contributory negligence was a question to be resolved by the jury.

What has been stated above with reference to the negligence of defendant and contributory negligence of the

plaintiff precludes a finding of plaintiff's contributory negligence as a matter of law. Defendant's peremptory instruction A was properly refused.

Plaintiff's instruction number 2 which was given reads as follows: "The Court instructs the Jury that if you believe from a preponderance of the evidence in this case that Clara Walker sustained injuries in this accident and is entitled to recover from Ellen R. Robertson, then you may take into consideration the nature and extent of the injuries sustained by her, if any, and whether or not such injuries, if any, are permanent, and you may further take into consideration the physical pain, the mental anguish and suffering which Clara Walker has suffered, if any, and which, from the evidence in this case you may reasonably expect her to suffer, if any, in the future, and allow Clara Walker such damages as you believe she is justly entitled to from all the evidence in this case, not exceeding however, the amount sued for in the declaration."

Defendant objected to the foregoing instruction on the ground that there is no evidence of permanent injury. Conjecture, surmise and guess as to the permanent effect of an injury is not sufficient. "Reasonable certainty that future pain and suffering or loss of capacity to work will follow, must be proved to warrant a verdict based on injuries of a permanent character." *Wilson* v. *Fleming*, 89 W. Va. 553, 559, 109 S. E. 810. See *Davis* v. *Pugh*, 133 W. Va. 569, 57 S. E. 2d 9. It is true there is no medical evidence as to the permanency of plaintiff's injury, but the lay testimony shows a reasonable certainty of the permanent effect upon the plaintiff's limb resulting from her injury. Moreover, considering plaintiff's instruction number 2 in its entire context, the question of permanency of injury was only one of the elements to be taken into consideration by the jury. It is to be supposed that the jury considered all of the elements and returned a verdict in a reasonable amount. We see no prejudicial error in the giving of plaintiff's instruction number 2.

The defendant offered instruction A which was peremptory and refused as above stated, and in addition, he offered instructions numbered 1, 2, 3, 4 and 5. Instructions numbered 1, 4 and 5 were given. Defendant's instruction number 2 was refused as offered but was amended and given. Such instruction number 2 as offered, reads as follows: "The Court instructs you that contributory negligence is the doing of a negligent act by a plaintiff which proximately contributes to causing the damages of which she complains. Therefore, you are instructed that if you find from the evidence that the plaintiff was guilty of committing any act of negligence, however slight, which proximately contributed to causing the injuries of which she complains, then you are not permitted to weigh the degree or amount of negligence of each of the parties, but you *must* return a verdict for the defendant." [Emphasis supplied]

The trial court amended the instruction by striking out the word "must" and substituting the word "may". Otherwise, defendant's instruction number 2 was not amended. Defendant's instruction number 2 was a binding instruction as offered. The substitution of the word "may" for the word "must" made it a permissive instruction. Such instruction as offered should have stated the negligent acts or conduct allegedly committed by the plaintiff as constituting contributory negligence. It did not do so, and as offered, was properly refused. *Bragg* v. *Transfer Co.*, 125 W. Va. 722, 727 *et seq.*, 26 S. E. 2d 217; *Lawson* v. *Dye*, 106 W. Va. 494, 498, 145 S. E. 817. See *Burdette* v. *Henson*, 96 W. Va. 31, 36, 122 S. E. 356; *Woodell* v. *Improvement Co.*, 38 W. Va. 23, 49, 17 S.E. 386. There was no error in the amendment of defendant's instruction number 2.

Defendant's instruction number 3 refers to the concurrent negligence of the plaintiff. As hereinabove stated, we think the term concurrent negligence applies to two or more persons occupying the position of defendants, and when applied to the plaintiff, as was done in defendant's instruction number 3, it really means con-

tributory negligence of the plaintiff occurring at the same time of the alleged negligence of defendant. It was a clear misuse of terminology.

The objection to defendant's instruction number 3 was to the effect that it was covered by defendant's instruction number 2 as amended and given. We think that objection was well taken. There is no evidence disclosed by the record of any concurrent negligence in this action. Only one person was involved in operating defendant's automobile. Since the instruction was incorrect as above noted and was covered by defendant's amended instruction number 2, there was no error in the refusal of defendant's instruction number 3.

In accordance with the foregoing, the judgments of the Circuit and Common Pleas Courts of Kanawha County, are affirmed.

*Affirmed.*

GIVEN, JUDGE, dissenting:

I think correct propositions of law are stated in the syllabus, but believe that Point 4 is not responsive to the question before the Court, raised by the amendment of defendant's Instruction No. 2, quoted in the majority opinion. As pointed out in the majority opinion, the amendment changed the nature of the instruction from one requiring a finding for defendant, where contributory negligence is established to the satisfaction of the jury, to a "permissive" instruction, permitting the jury to find either for or against the defendant, notwithstanding the establishment of contributory negligence which contributed proximately to plaintiff's injury.

In *Morton* v. *Baber*, 118 W. Va. 457, 190 S. E. 767, this Court held: "3. * * * there is no error in instructing the jury that there can be no recovery if negligence of the decedent, however slight, contributed proximately to his own injury. Such negligence contributes proximately to the injury, if, without it, the injury would not have resulted." It should be noticed that the existence

of contributory negligence which contributed proximately to the injury precludes, absolutely, any recovery by plaintiff. No discretion as to recovery, in such circumstances, rests in the jury or in the court. That rule of law has been heretofore uniformly followed by this Court. See *Belcher* v. *Norfolk & Western Railway Co.*, 140 W. Va. 848, 87 S. E. 2d 616; *Reese* v. *Lowry*, 140 W. Va. 722, 86 S. E. 2d 381; *Barr* v. *Curry*, 137 W. Va. 364, 71 S. E. 2d 313; *Pritchard* v. *City Lines of West Virginia, Inc.*, 136 W. Va. 278, 66 S. E. 2d 276; *Divita* v. *Atlantic Trucking Co.*, 129 W. Va. 267, 40 S. E. 2d 324; *Casto* v. *Charleston Transit Co.*, 120 W. Va. 676, 200 S. E. 841; *Willhide* v. *Biggs*, 118 W. Va. 160, 188 S. E. 876. "It is a general if not a universal rule, that, if the plaintiff has been guilty of contributory negligence, he cannot recover." Point 4, Syllabus, *Washington* v. *The B. & O. R. R. Co.*, 17 W. Va. 190.

The majority opinion relies upon *Bragg* v. *C. I. Whitten Transfer Co.*, 125 W. Va. 722, 26 S. E. 2d 217, and other cases cited in the majority opinion. An examination of those cases discloses that they relate to instructions which were binding in form, based on certain enumerated facts, but which omitted material facts supported by evidence. The instruction presently involved is not that type of instruction. It does not purport or attempt to designate facts concerning which proof was offered to establish contributory negligence. It attempts only to inform the jury of the rule of law relating to recovery where the jury have found, and were justified in finding, that plaintiff was guilty of contributory negligence which contributed proximately to the injury.

The importance of the question is apparent in the instant case where the evidence discloses that plaintiff deliberately walked blindly across perhaps the most busy street in one of the busiest cities, where no cross-walk existed, violating a city ordinance, without even looking for oncoming traffic after starting across the street, notwithstanding she was attempting to cross the street at not a great distance from an intersection of another busy

street from which heavy traffic flowed onto the street which she was attempting to cross. All agree that the evidence introduced, at least, presented a question for the jury as to whether plaintiff was contributorily negligent, yet the jury were told that though they found she was guilty of contributory negligence and that such negligence contributed proximately to her injury, she "may" recover.

Being of the views indicated, I respectfully dissent. I am authorized to say that Judge Riley joins in this dissent. We would reverse the judgment complained of and remand the case for a new trial.