## CHARLESTON.

SNODDY *v.* CITY OF HUNTINGTON.

Submitted June 11, 1892.—Decided Nov. 26, 1892.

1. MUNICIPAL CORPORATIONS— SIDEWALKS—DAMAGES—CONTRIBUTORY NEGLIGENCE.

The ruling of this Court in *Moore* v. *City of Huntington*, 842, (8 S. E. Rep. 512); *Phillips* v. *Same*, 35 W. Va. 406 (14 S. E. Rep.

17); and in *Bowen* v. *Stone*, 35 W. Va. 682 (14 S. E. Rep. 217) is approved and reaffirmed.

2. CONTRIBUTORY NEGLIGENCE.

> Contributory negligence, when it depends upon questions of fact and testimony, is for the jury ; but when the facts are undisputed, or indisputably established by the evidence of the plaintiff, the question becomes one of law, for the Court.

*Campbell & Holt,* for plaintiff in error, cited 85 Va. 538.

*Gibson & Michie,* for defendant in error, cited 33 W. Va. 548.

LUCAS, PRESIDENT :

This was an action of trespass on the case, in which the plaintiff, Mary C. Snoddy, claimed ten thousand dollars damages of the city of Huntington on account of injuries received upon one of the avenues of said city on the 14th day of June, 1890, by reason of a defect in the sidewalk. The jury found a verdict for the plaintiff, and assessed her damages at one thousand dollars. In addition to the general issue, the defendant propounded sundry interrogatories, all of which were satisfactorily answered by the jury.

The circumstances appear to have been about as follows: On the night in question the plaintiff, who lived on the corner of Fifth avenue and Eleventh street, with Mr. E. W. Adams, went down to a boat upon the river to look after a trunk. She went across a lot, and returned after dark, and upon her return, according to the testimony adduced in her favor, she stepped over an offset about one foot in height, which conducted from a newly-laid pavement to the original plank walk upon an adjoining lot, which had not yet been removed or relaid. According to her testimony, there was no light on the street, and it was ten minutes after ten o'clock when she got to the house of her employer. The witness who picked her up after her fall, and led her home, testifies "that there was no light there," and no guards or railing or anything to warn persons.

In behalf of the defence, it was testified that usually two electric lamps were kept burning—one at the corner of Tenth street and Fifth avenue, and the other at the corner of Eleventh street and Fifth avenue. The defence intro-

duced testimony of the city official or contractor who was engaged in laying the new pavement, that there was no offset there at all, but that he carefully graduated the dirt so as to leave no noticeable descent, or at least none that could be considered dangerous.

It nowhere appears how long the pavement in question had been laid, nor what opportunities plaintiff had had to notice its condition. The testimony of sundry physicians was taken involving, as usual in such cases, the most positive and direct conflict of medical experts.

The only specific error assigned in the petition is that the plaintiff was guilty of such contributory negligence as to defeat her right of recovery. It is true some objection was made to hypothetical questions propounded for the plaintiff, but the exception does not seem to be insisted upon. Neither is there any insistence upon the exception reserved by defendant to the instructions given for the plaintiff. I think it best to give those instructions *in extenso*, as they seem to propound the law correctly according to our view, and according to the tacit admission of the defendant.

Instruction No. 1 for plaintiff:

"The jury are instructed that if they believe from the evidence that the sidewalk in the declaration mentioned was a public sidewalk within the corporate limits of the defendant, the city of Huntington, opened up, worked, treated, and controlled by the defendant as such sidewalk, and that the said sidewalk was out of repair, and in a bad and unsafe condition, at the time of the plaintiff's alleged injury, and that by reason of the said sidewalk being out of repair, and in bad and unsafe condition, the plaintiff was injured, that then the plaintiff is entitled to a verdict in this case, unless the jury are satisfied that the plaintiff was guilty of negligence on her part, and that her said negligence was the proximate, and not the remote, cause of her injury. And the jury are further instructed that the burden of proving any alleged negligence on the part of the plaintiff rests upon the defendant, the city of Huntington."

Instruction No. 2 for plaintiff:

"The jury are further instructed that, while the defendant had the right to temporarily obstruct the passage of

travel over the sidewalk where the plaintiff's injury is alleged to have occurred, for the purpose of grading and paving the said sidewalk, it was not authorized to leave said sidewalk, while undergoing such grading and paving, in such condition as unnecessarily to expose those who might pass upon it to danger, and that in such condition such sidewalk should not have been left without protection or guard or beacon, especially at night, to warn travelers without knowledge of its condition against such danger, and that, if such reasonable and precautionary measures were not adopted for the safety of such citizens and travelers, the defendant was culpable and liable for injuries, if any, to to the plaintiff, if, without such knowledge and any fault on her part she was injured thereby."

Instruction No. 3 for plaintiff:

"The jury are further instructed that, if they find for the plaintiff, the rule for measuring her damages in this case is substantially that the damages awarded her should compensate her for her loss of time brought about by such injury, and the expenses incurred in respect thereto, her pain and suffering consequent thereon, and any permanent injury, especially if it causes a disability for further exertion, either in whole or in part, and consequent pecuniary loss."

The defendant tendered eight instructions, all of which were given by the court, though objected to by the plaintiff. At the conclusion of the proceedings, the defendant moved to set aside the verdict and grant it a new trial, which motion the court overruled, and an appeal has been taken to this Court.

The case presents no new questions which have not already been decided on several occasions by this Court, and that recently. Section 53 of chapter 43 of the Code provides as follows:

"Any person who sustains an injury to his person or property by reason of a public road, bridge, street, sidewalk, or alley in an incorporated city, village, or town being out of repair, may recovery all damages sustained by him by reason of such injury, in an action on the case, in any court of competent jurisdiction, against the county court, city, village, or town in which such road, bridge, street,

sidewalk, or alley may be, except that such city, village, or town shall not be subject to such action unless it is required by its charter to keep the road, bridge, street, sidewalk, or alley therein; at the place where such injury is sustained, in repair."

In the case of *Chapman* v. *Milton*, 31 W. Va. 384 (7 S. E. Rep. 22) it was decided by this Court that this statute imposed an absolute liability upon cities and towns for injuries sustained by reason of their failure to keep their streets and sidewalks in repair; and as a consequence thereof the plaintiff in an action against the city or town for injury sustained from defects in the street or sidewalk is not required either to aver in his declaration or prove on the trial that the defendant had notice of such defect or the want of repair.

It would seem, therefore, that to make out a *prima facie* case the plaintiff, in the cases enumerated by the section, has only to make out the want of repair, and his own injury resulting therefrom, while traveling the county road or proper public street or sidewalk in a lawful manner. If the defendant alleges contributory negligence, it is a principle long and well settled in this State that he must prove it. *Bowen* v. *City of Huntington*, 35 W. Va. 682 (14 S. E. Rep. 217.)

It sometimes becomes difficult to decide what is contributory negligence upon the part of the plaintiff, and how far it was the direct cause of the injury. Some general principles, however, may be laid down as fully established by our own decisions. At least ordinary care is required from the traveler. He can not shut his eyes against dangers which are apparent. He is bound to keep his eyes open, and maintain a proper degree of watchfulness against danger. *Phillips* v. *County Court*, 31 W. Va. 478 (7 S. E. Rep. 427).

Or, again, if a foot passenger departs from the sidewalk, which he knows is obstructed, and undertakes to walk in the middle of the street, upon ground not at all appropriated to pedestrians, or omits a precaution hitherto universally practiced, of providing himself with a lantern in passing a dangerous place, and receives an injury from thus violat-

ing customary precautionary measures, such contributory negligence will prevent a recovery. *Hesser* v. *Grafton*, 33 W. Va. 548 (11 S. E. Rep. 211).

In the latter case the contributory negligence was proved by the plaintiff's own testimony, and therefore the court did not in the least trench upon the province of the jury by deciding that this testimony, in regard to which there was no dispute and no conflict, did of itself establish a case of contributory negligence as a question of law.

The present case, however, is ruled by three very recent cases against the city of Huntington, viz., *Moore* v. *City of Huntington*, 31 W. Va. 824 (8 S. E. Rep. 512); *Bowen* v. *City of Huntington*, 35 W. Va .682 (14 S. E. Rep. 217) and *Phillips* v. *City of Huntington*, 35 W. Va. 406 (14 S. E. Rep. 17).

In all these cases this Court held that, where there was conflicting evidence as to the facts supposed to constitute contributory negligence, the question became one for the jury, and their verdict ought not to be disturbed.

In the present case, which is almost identical with that of *Bowen* v. *City of Huntington* and *Phillips* v. *City of Huntington, supra,* the testimony adduced for the plaintiff makes out a perfect *prima facie* case for recovery, and negatives all contributory negligence upon her part. The plaintiff herself testifies that she did not know of the defect in the sidewalk; that the offset was about twelve inches; that the night was dark, and there was no light; and these facts are substantiated by two other witnesses; and one witness for the defence swears there was an offset of eight inches. The plaintiff testifies that she not only did not know of the defect, but had had no opportunity to discover it; and if, in opposition to her statement, there was conflicting evidence, while we may consider it, we can not weigh it against the positive testimony of the plaintiff, where the jury and the court below have already adjusted the scales, and decided where the balance lay, in the usual and prescribed methods. In concluding, we may adopt the language used in *Phillips* v. *City of Huntington:* "The value of judicial opinion as a standard of authority is much enhanced by uniformity of decision, and it is always inexpedient to fritter away firmly

established principles by subtle refinements and hypercritical distinctions."

For these reasons, we hold there was no error in the action of the court below, and its judgment must be affirmed.

AFFIRMED.