# CHARLESTON.

JESSE ROBINSON *v.* CHESAPEAKE & OHIO RAILWAY CO.

Submitted February 21, 1922.   Decided February 28, 1922.

1.  RAILROADS—*Traveler's Contributory Negligence in Not Using Senses Held Question of Law.*

    It is generally the duty of one approaching a railroad track to stop, look and listen in both directions, and when there is nothing to obstruct his view or hearing of an approaching train before he steps upon the track, and if without using his senses of sight and hearing he steps on the track di-

rectly in front of such train and is injured, the question of his negligence contributing to his injury becomes one of law for the court, and not for the jury. (p. 414.)

2. SAME—*Greater Diligence Required of Traveler with View Obstructed by Cars.*

In such case the fact that there are freight cars standing on a side track, obstructing to some extent the view and hearing of one approaching the track, requires from him greater caution and increase of diligence in the exercise of his faculties and senses to avert injury to his person, and if by such caution and diligence he could have seen the train that did him the injury, it is no excuse that he did not see it, if by reasonable and fair use of his faculties and senses he ought to have seen it. (p. 416).

Error to Circuit Court, Logan County.

Action by Jesse Robinson against the Chesapeake & Ohio Railway Company. Verdict and judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Fitzpatrick, Campbell,˙ Brown & Davis* and *R. D. Campbell,* for plaintiff in error.

*Chafin & Estep,* for defendant in error.

MILLER, JUDGE:

For the alleged negligence of the defendant in striking him with one of its engines at or near the crossing at Hudgins Street in the City of Logan, the plaintiff sued for and obtained a verdict and judgment for two thousand dollars.

The record shows that where the railroad crosses Hudgins Street, practically at right angles, it maintains and operates three tracks running east and west, the one on the north side of the right of way being a spur or switch track for the accommodation of commercial houses and factories located along the right of way, the middle track being the main track for west bound trains, and the south track the main line for east bound trains.

The acts of negligence alleged and relied on for recovery are that the defendant allowed freight cars to remain stand-

ing on said side track, on each side of and near to the cross-
ing at Hudgins Street, so as to obstruct the view of persons
crossing at said place, and that on the day plaintiff was
struck and sustained his injuries, defendant without due
and reasonable care and without any signal by ringing of
bell or blowing of whistle drove one of its engines westwardly
over the middle track striking plaintiff as he stepped upon
said middle track from the north side thereof and from be-
hind said railroad cars on the side track, doing him the
injury of which he complains.

The theory and contention of the plaintiff is that he was
struck at the street crossing immediately as he stepped upon
the track from between the ends of the freight cars standing
on the side track. The theory and evidence of the defendant
is that at the time plaintiff was struck, he was walking west-
wardly between the side track and the main track next to
it, a place of safety, the distance between the two tracks
being about eight and one-half feet; that the engine which
hit him was moving with its load of coal cars at the rate
of between four and five miles an hour; that the bell, auto-
matically operated by air, was continually ringing; and
that after the engine had passed the crossing, plaintiff step-
ped upon the track almost immediately in front of the
engine, so that the engineman had not time to stop before
striking him and doing him the injury. All the trainmen,
one a brakeman riding on the step on the front of the engine
that hit plaintiff, and one or two disinterested witnesses,
agree in stating that plaintiff was injured at the time and
place claimed by defendant and not at the street crossing;
but in answer to two special interrogatories propounded by
defendant the jury in addition to their general verdict
responded to the first that plaintiff was on the crossing when
struck; and to the second question, whether after crossing
the side track on which the box cars were standing and be-
fore going on to the middle track he stopped, looked and
listened, answered: "We believe he did."

All the defendant's witnesses concur in stating that the
bell on the engine was kept ringing before plaintiff was
struck, and that there was no negligence in failing to give

proper warning of the approaching train; and they show, and it is not denied, that after entering on to the side track plaintiff had a clear and unobstructed view of any object on the middle track for forty to fifty feet, and if he had looked eastward he could have seen the approaching engine that hit him; and plaintiff admits that he in fact did see and hear the engine and passenger train on the southern or east bound track, which apparently was more obscured by the freight cars on the side track than the train that hit him.

The defense of the railroad company is that it was not guilty of any negligence; but if properly chargeable with negligence, either in the storage of the freight cars on the side track or in omitting to ring the bell or blow the whistle, that plaintiff himself was guilty of negligence contributing to his injury, in not looking and not seeing the train, which he must have seen after stepping upon the side track and before he stepped on the middle or main track where he was struck and injured, if he had looked and listened as he was bound to do.

As stated, the undisputed evidence is that the two tracks —that is, the side track and the middle track—were from eight to nine feet apart, so that if, according to plaintiff's contention, he was struck when on the crossing, he had that distance to walk with unobstructed view of the oncoming train before stepping on to the middle track, and could have seen, as it was his duty to see, the train in time to avoid being struck by the engine. On this controlling fact of contributory negligence, his own evidence, we think, is conclusive. He says that he supposed he looked eastward before stepping upon the middle track, but that when he first looked, he was right on the track. This is a clear admission that up to the time he stepped upon the track he had not looked eastward, and if he had done so he must have seen the train coming from that direction. In another place in his testimony he admits that he did not see the train until just before it struck him. His evidence furthermore amounts to an admission that he looked only for the train on the east bound track, which he admits he saw and heard,

and was wholly unmindful and unobservant of the train right then upon him and which hit him. That he could have seen the train that struck him in time to have avoided the injury is established not only by his own admissions but by the present physical facts and circumstances. There can be no two views about the evidence on this question. This fact being established so clearly, the question whether plaintiff was on the crossing, as found by the jury, becomes unimportant, and the belief of the jury, that before going on the middle track where he was struck he stopped, looked and listened for approaching locomotives and trains, can not affect the question of contributory negligence, for plaintiff's own admission is that he supposed he stopped, looked and listened; but the fact that he only saw the passenger train on the southern or east bound track, shows that he in fact did not see what he could and must have seen if he had looked eastward, namely the train that struck him; and according to his own evidence, the only evidence introduced by him on this question, he did not look until he stepped on the middle track. The belief of the jury was therefore contrary to all the evidence and contrary to the physical facts, and was wholly without evidence to support it.

Such being the only material and substantial evidence relied on to support the verdict and judgment, the court below, in our opinion, erred: first, in refusing to sustain defendant's motion to strike out plaintiff's evidence; second, in denying defendant's instruction number one, directing a verdict in its favor; third, in refusing to give defendant's instructions numbers three and five, to the effect that if, as he admitted, plaintiff stepped on the middle track a few feet in front of the approaching train, he could not recover, unless it was shown by the evidence that after so negligently going upon the track the engineer and trainmen in charge of the train could have prevented the collision, for there is no evidence that the engineer could have prevented the accident.

The principle upon which these motions, as well as the motion of defendant to set aside the verdict and grant it a new trial, should have prevailed, is that it is the duty of

a traveler in approaching a railway crossing to stop, look and listen, and to look not in one way alone but in both directions, and when, as in the case at bar, there is nothing to obstruct his view or hearing, the question of negligence becomes one of law for the court and not of fact for the jury. *Cline* v. *McAdoo,* 85 W. Va. 524; *Bassford* v. *P. P. C. & St. L. Ry. Co.,* 70 W. Va. 280; *Riedel* v. *Wheeling Traction Co.,* 63 W. Va. 522.

And the fact most relied on, that there were freight cars standing on the side track, which may have to some extent obscured the view and obstructed the hearing of plaintiff, required of him greater caution and increase of diligence in the exercise of his faculties and senses to avert any injury. He did see the train on the southern track. Why did he not at least see the train that hit him on the track nearest to him? There can be but one answer, namely, that he did not employ his senses as the law required him to do. *Beyel* v. *Newport News and M. V. R. R. Co.,* 34 W. Va. 538; *City of Elkins* v. *Western Maryland Ry. Co.,* 76 W. Va. 733. In the latter case we distinguished it from the former and disapproved the so-called "hard and fast" rule once prevailing in Pennsylvania, but we adhered to the principle that where one walking, and not in charge of a team, or surrounded by other peculiar circumstance, steps upon a railroad track where trains are moving, without stopping or at least looking and listening, he is guilty of contributory negligence as matter of law; and when, as in this case, it be clearly proven or admitted that if the person injured had looked he must have seen the approaching train, his protest that he did not see it should be disregarded. His failure to make use of his faculties of sight and hearing under such circumstances is negligence *per se,* where it appears as here that a reasonable and fair use thereof would have disclosed his danger. *Riedel* v. *Wheeling Traction Co., supra; Bassford* v. *P. C. C. & St. L. Ry. Co., supra.*

These conclusions render it unnecessary, perhaps improper, for us to consider the question of the preponderance of defendant's evidence on the question of defendant's negligence, or on the place where and the circumstances of the

plaintiff's injury, for there must be a new trial, when the evidence may possibly be somewhat different.

And for the same reason it is unnecessary to consider the quantum of damages or to express any opinion thereon.

Our judgment will be to reverse the judgment below and award the defendant a new trial.

*Reversed and remanded.*