RALPH BRAKE

*v.*

ELMER CERRA

(No. 11082)

Submitted January 19, 1960. Decided February 16, 1960.

*Petroplus, Bailey, McClure & Byrum, John H. Kamlowsky,* for plaintiff in error.

*Clowes & Ruckman, James D. McDermott,* for defendant in error.

HAYMOND, JUDGE:

This is an action of trespass on the case instituted in the Circuit Court of Ohio County in which the plaintiff, Ralph Brake, seeks a recovery of damages for personal injuries which he alleges were caused by the negligence of the defendant, Elmer Cerra. At the conclusion of the evidence in behalf of the plaintiff, which included the testimony of the defendant who was called by the plaintiff as a witness, the circuit court, on motion of the defendant, directed the jury to return a verdict for the defendant, overruled the motion of the plaintiff to set aside the verdict directed by the court, entered judgment for the defendant and awarded costs against the plaintiff. To that judgment, rendered January 12, 1959, this Court granted this writ of error and supersedeas upon the application of the plaintiff.

The personal injuries for which the plaintiff seeks to recover in this action were sustained when he was struck by the front end of an automobile owned and operated by the defendant while the plaintiff was attempting to walk from a point near the center of Eoff Street to its eastern curb on his way to his home which was located on the eastern side of that street about midway in the city block between its intersec-

tion on a right angle with 27th Street to the north, and its intersection on a right angle with 28th Street to the south, of the place in Eoff Street where the plaintiff was injured.

Eoff Street is a public street in the City of Wheeling which extends in a straight line in a generally north and south direction from a point north of 27th Street to a point about five blocks south of 28th Street. It is paved and its width between the curbs is approximately thirty feet. The sidewalk on the western side is approximately nine feet in width and the sidewalk on the eastern side is approximately ten feet in width. There are three street lights suspended above the eastern side of the street in the block between 27th Street and 28th Street, the distance of which is approximately four hundred feet, and a light on the northern corner of the plaintiff's house, and all these lights were illuminated when the plaintiff was injured about ten minutes past one o'clock in the early morning of Saturday, May 11, 1957. Though it had been raining before the plaintiff was injured at that time the rain had ceased, the street was wet, and the visibility was such that the plaintiff could see from the place in the street where he was injured to a point some distance south of the intersection of 28th Street.

The plaintiff, a married man fifty one years of age, who had been employed as a mechanic in a garage located in another section of the city, after completing his work at one o'clock that morning left for his home in an automobile owned and driven by Joe Bartolovich who was also employed at the garage. The automobile in which the plaintiff was riding in the front seat entered Eoff Street at some point north of its intersection with 27th Street and proceeded south on Eoff Street to a point near the home of the plaintiff about midway in the block where it was stopped to enable the plaintiff to leave the automobile. At that time no automobiles were parked on either side of the street and there was no moving

automobile in the block. The plaintiff alighted from the automobile on its right side, shut the door on that side, and stepped backward from the automobile which was stopped near the center of the street with its right side about seven feet from the western curb of the street.

After the plaintiff left the automobile it proceeded south in the direction of 28th Street. As soon as the automobile left the place where it had stopped the plaintiff, walking slowly in a southern diagonal direction, attempted to cross to the eastern curb of the street. When about three or four steps from that curb the plaintiff was struck and knocked to the street on or near the eastern curb by the automobile driven by the defendant proceeding north on its right side of Eoff Street at a speed of approximately twenty five miles per hour, the headlights of which were shining at the time.

The driver of the automobile in which the plaintiff was riding testified that he stopped the automobile on Eoff Street at a point opposite a building numbered 2719 located on the western side of Eoff Street across the street from the home of the plaintiff; that the right side of the automobile was about seven feet distant from the western curb; that the plaintiff left the automobile on its right side, shut the door, said "I'll see you tomorrow," and "stepped back" from the automobile; that the witness then started the automobile and when it was "a pretty good ways down the street" he saw the plaintiff start to walk across the street after he had stood in the street for "a couple of seconds"; that the witness did not remember seeing any automobiles parked on the street and did not hear or see anything to indicate that the plaintiff was involved in an accident after he left the automobile.

The plaintiff testified that he opened the door, "got out" of the automobile, said "So long, Joe. I'll see you tomorrow at 12," shut the door, "stepped back,"

and that Joe then ''drove off.''; that the plaintiff then started to cross the street from about the center of the street on a slight angle to the south; that he looked down the street and saw the automobile driven by his friend approaching 28th Street; that when he was ''almost across'' the street ''a pair of lights, headlights glared in front of my eyes, and I couldn't get out of the road of it then and that is when he hit me.''; that there was no automobile parked on either side of Eoff Street; that when he looked down the street and saw the automobile driven by his friend approaching 28th Street he did not see any automobile coming north on the street; that when he had reached a point between three and four steps from the eastern curb he was struck by the middle part of the front bumper of the automobile of the defendant and knocked to the sidewalk with his feet on the curb on the eastern side of the street in front of a house numbered 2720 Eoff Street which adjoined his home on the north; that he did not see the automobile that struck him; that when he saw its headlights it was three or four feet from him; that he did not hear any noise from the motor, the horn, or the tires of the automobile which struck him; that he was unconscious a short time and after regaining consciousness he was taken to a hospital where he was confined from May 11 to October 12, 1957, and treated for his injuries.

A city police officer who arrived at the scene within a few minutes after the plaintiff was injured testified that he saw the plaintiff lying in the street about two feet from the eastern curb and the automobile of the defendant which was parked near that curb a few feet south of the place where the plaintiff lay in the street; that there were two parallel skid marks about sixty feet in length which extended south from the automobile of the defendant; that the skid marks were fairly straight; that they were parallel with the curb; and that the mark near the curb was about two feet from it.

A witness who lived in a house numbered 2733 Eoff Street on the western side of the street immediately south of the building numbered 2719, testified that when he was near the entrance to his home he saw an automobile stop in the street opposite the building numbered 2719; that the plaintiff alighted from the automobile near the center of the street, shut the door on his right side, and walked to the rear of the automobile "to go across the street."; that at that time there was another car coming north on the other side of the street; that immediately after the plaintiff shut the door of the automobile it began to move slowly south; that the plaintiff started to walk slowly across the street and was struck by the other automobile, which was approximately two feet from the eastern curb, and knocked to the street near the curb in front of the house numbered 2720 Eoff Street; that when the witness first saw the automobile of the defendant it was a short distance from the plaintiff and north of the witness; that it was traveling about twenty five miles per hour and that its headlights were lighted; that after the plaintiff started to walk across the street he did not stop before he was struck; that in crossing the street the plaintiff did not look to the right or to the left; that the plaintiff was clearly visible and the vision of the witness was not obscured by fog, mist or rain; that the attention of the witness was directed to the automobile from which the plaintiff alighted by its headlights and its position near the center of the street; that after the plaintiff was injured the witness observed two parellel straight skid marks which extended for a distance of about thirty feet; and that the mark near the eastern curb was about three feet from it.

The defendant, called as a witness in behalf of the plaintiff, testified that he drove his automobile into Eoff Street at its intersection with 33rd Street and proceeded north on Eoff Street at the rate of approximately twenty to twenty five miles per hour; that the headlights of the automobile were lighted

and its windshield wiper, brakes and tires were in good condition; that when he came to the intersection of 28th Street he observed a stationary automobile in the middle of the street but did not see anyone leave the automobile or anyone in the street beside it; that the automobile began to move when the automobile driven by the defendant came to it and had not then traveled more than two feet; that as he approached the other automobile the defendant, in order to pass it, drove on the right side of the street at a distance of about two feet from the eastern curb; that the defendant was blinded by the lights of the other automobile when about ten feet from it and at that time forcibly applied the brakes of his automobile; that as the two automobiles passed each other the plaintiff "was on top of" the defendant; that the defendant did not see the plaintiff until "a split second" before the plaintiff was struck by the left front portion of the bumper of the automobile driven by the defendant; that when the plaintiff was struck he was knocked to the street about six feet in front of the automobile of the defendant and about a foot and a half from the eastern curb; that the defendant brought his automobile to a stop about fifteen to twenty feet north of the place where the plaintiff was struck; and that when the defendant applied the brakes and after his automobile struck the plaintiff it skidded but did not swerve to the right or to the left.

The plaintiff assigns as error the refusal of the circuit court to submit to the jury the questions of primary negligence of the defendant and contributory negligence of the plaintiff and also contends that upon the evidence the plaintiff is entitled to recover under the doctrine of last clear chance.

It is clear from the foregoing summary of the evidence that the plaintiff was guilty of negligence which proximately caused or contributed to his injuries. Even if the defendant was guilty of primary negligence, which is not clearly established by the evidence,

the injuries of the plaintiff resulted from and were caused by negligence on his part.

If the automobile from which the plaintiff alighted had reached a point near 28th Street before the plaintiff started to cross from a point near the center of Eoff Street to its eastern curb, as indicated by the testimony of the plaintiff and the driver of that automobile, and if plaintiff, whose view would have been unobstructed by the departing automobile, looked in that direction and saw no approaching automobile, as he testified that he did, he should have seen the headlights of the approaching automobile of the defendant and waited until it passed before attempting to cross the street and his failure to do so constituted negligence on his part.

Or if the plaintiff started to cross the street when or immediately after the automobile from which he alighted began to move in the direction of 28th Street he should also have seen the headlights of the automobile of the defendant and should not have walked from behind the departing automobile and directly in the path of the oncoming automobile of the defendant, as he did according to the testimony of the defendant, and his failure to discover the automobile of the defendant until he saw its headlights when they were directly in front of him and only a distance of three or four feet from him constituted neligence upon the part of the plaintiff.

Though the plaintiff testified that he looked in the direction of 28th Street and did not see any approaching automobile, the witness standing near the building numbered 2733 on the western side of Eoff Street a short distance south of the point of impact, who saw the automobile of the defendant traveling north and also saw the plaintiff alight from the automobile and start to walk across the street, testified that the plaintiff did not look before he began to walk toward the eastern curb of the street. Whether the plaintiff did look as he testified he did or whether he did not

look as the witness testified that he did not, before he started to cross the street, the undisputed evidence is that he did not look effectively for if he had he would have seen the headlights of the approaching automobile of the defendant in time to have waited until it had passed him without striking or injuring him. In the situation shown by the evidence the plaintiff should have seen the approaching automobile of the defendant in time to have stayed clear of its path and by so doing to have avoided his resulting injury. He will not be permitted to say that he looked but did not see the approaching automobile of the defendant, which was immediately in front of him and in plain view and which he must have seen if he had looked effectively and had exercised the care of a reasonably prudent person in attempting to cross to the eastern curb of the street. *Higgs v. Watkins,* 138 W. Va. 844, 78 S. E. 2d 230; *Slater v. Shirkey,* 122 W. Va. 271, 8 S. E. 2d 897; *Yoder v. Charleston Transit Company,* 119 W. Va. 61, 192 S. E. 349; *Snyder v. Baltimore and Ohio Railroad Company,* 135 W. Va. 751, 65 S. E. 2d 74; *Casto v. Charleston Transit Company,* 120 W. Va. 676, 200 S. E. 841; *Maynard v. Chesapeake and Ohio Railway Company,* 111 W. Va. 372, 162 S. E. 171; *Robertson v. Monongahela Power and Railway Company,* 99 W. Va. 356, 128 S. E. 829. In the *Yoder* case this Court said "It is the duty of pedestrians to use their sense of sight, not casually, but carefully. And, in attempting to cross streets, pedestrians may not deliberately enter into danger which proper use of their sight would disclose to them to be impending." In crossing a public street a pedestrian is required to look not casually but effectively to see an approaching vehicle which is plainly visible and should have been seen by him if in looking he had exercised the care of a reasonably prudent person in like circumstances.

This Court has repeatedly held that when the material facts are undisputed and only one inference may be drawn from them by reasonable minds, the

questions of negligence and contributory negligence are questions of law for the court. *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665, and the numerous cases there cited. In *Krodel v. Baltimore and Ohio Railroad Company,* 99 W. Va. 374, 128 S. E. 824, this Court held in point 5 of the syllabus that "Where the facts which control are not disputed and are such that reasonable minds can draw but one conclusion from them, the question of contributory negligence barring recovery is one of law for the court." See also *Barr v. Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Daugherty v. Baltimore and Ohio Railroad Company,* 135 W. Va. 688, 64 S. E. 2d 231; *Yuncke v. Welker,* 128 W. Va. 297, 36 S. E. 2d 410; *McLeod v. The Charleston Laundry,* 106 W. Va. 361, 145 S. E. 756; *Robertson v. Monongahela Power and Railway Company,* 99 W. Va. 356, 128 S. E. 829; *Jameson v. Norfolk and Western Railway Company,* 97 W. Va. 119, 124 S. E. 491; *Cavendish v. Chesapeake and Ohio Railway Company,* 95 W. Va. 490, 121 S. E. 498; *Robinson v. Chesapeake and Ohio Railway Company,* 90 W. Va. 411, 110 S. E. 870. As the negligence of the plaintiff in failing to look effectively before starting to cross the street and in failing to see the headlights of the automobile of the defendant immediately in front of him and in plain view is established by evidence which is undisputed, it was the duty of the circuit court to sustain the motion of the defendant to direct a verdict in his favor and its action in so doing was correct and proper.

The facts of this case render it readily distinguishable from the cases of *Walker v. Robertson,* 141 W. Va. 563, 91 S. E. 2d 468; *Bower v. Brannon,* 141 W. Va. 435, 90 S. E. 2d 342; *Barr v. Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Skaff v. Dodd,* 130 W. Va. 540, 44 S. E. 2d 621; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Walker v. Bedwinek,* 114 W. Va. 100, 170 S. E. 908; *Ritter v. Hicks,* 102 W. Va. 541, 135 S.E. 601, 50 A.L.R. 1505; *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L.R.A., N.S., 989 cited and relied upon by the plaintiff.

The doctrine of last clear chance implies a sufficient interval of time for both appreciation of a dangerous situation and effective effort to relieve it and it does not apply when it does not appear from the evidence that the defendant knew or should have known of the peril of the plaintiff in sufficient time to enable the defendant to avoid injury to the plaintiff. *Higgs v. Watkins,* 138 W. Va. 844, 78 S. E. 2d 230; *Myers v. Charleston Transit Company,* 128 W. Va. 564, 37 S. E. 2d 281; *Milby v. Diggs,* 118 W. Va. 56, 189 S. E. 107; *Juergens v. Front,* 111 W. Va. 670, 163 S. E. 618; *McLeod v. The Charleston Laundry,* 106 W. Va. 361, 145 S. E. 756. That doctrine does not apply to the facts of this case as there is no evidence to show that the perilous position of the plaintiff in the street was known, or should have been known, to the defendant in time to enable the defendant to avoid injury to the plaintiff.

The judgment of the Circuit Court of Ohio County is affirmed.

*Affirmed.*